**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Carmen Ortiz and Paul Elmore, | : |
| | : |
| Plaintiffs, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Stellar Recovery, Inc.; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiffs, Carmen Ortiz and Paul Elmore, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of repeat violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") by the Defendant Stellar Recovery, Inc. and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiffs, Carmen Ortiz ("Ortiz") and Paul Elmore ("Elmore"), collectively known as "Plaintiffs," are adult individuals and "consumers" as the term is defined by 15 U.S.C. § 1692a(3) and "people" as defined by 47 U.S.C. § 153(39). Ortiz resides in Haverhill, Massachusetts.  Elmore resides in Bradenton, Florida.

4.      Defendant Stellar Recovery, Inc. ("Stellar"), is a Florida business entity with an address of 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Collectors") are individual collectors employed by Stellar and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Stellar at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE ORTIZ**

7.      Ortiz allegedly incurred a financial obligation (the "Ortiz Debt") to an original creditor, Comcast (the "Creditor").

8.      The Ortiz Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Ortiz Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Ortiz Debt.

10.      The Defendants attempted to collect the Ortiz Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

11.      In January of 2016, Stellar began calling Ortiz's cellular telephone, number 978-xxx-1348, in an attempt to collect the Ortiz Debt.

12.      The calls placed by Stellar to Plaintiffs were made using an automated telephone dialer system ("ATDS" or "predictive dialer").

13.      Stellar left dead-air voicemails on Ortiz's cell phone, indicating that an automated system placed the call to Ortiz's phone without any human available to take the call.

2

14.     When Ortiz returned Stellar's calls, she spoke to a Stellar representative who falsely stated that Ortiz owed the debt.  Stellar further falsely stated that Stellar had Ortiz's consent to call her phone because she had defaulted on her debt.

15.     Ortiz has confirmed with the original creditor, Comcast, that she owes no debt and that no debt has been placed by it into collections.

16.     To date, Stellar has not sent Ortiz any written correspondence identifying any debt.

17.     On Ortiz's call with Stellar, Stellar failed to inform Ortiz that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

18.     On Ortiz's call with Stellar, Ortiz told Stellar to cease all calls to her cellular telephone.

19.     Nonetheless, Stellar continued to place automated calls to Ortiz's cellular telephone.

20.     Ortiz suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Ortiz suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## ALLEGATIONS APPLICABLE TO ELMORE

22.     Elmore allegedly incurred a financial obligation (the "Elmore Debt") to an original creditor, Comcast (the "Creditor").

23.     The Elmore Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

24.     The Elmore Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Elmore Debt.

25.     The Defendants attempted to collect the Elmore Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

26.     Within the last year, Stellar began calling Elmore's cellular telephone, number 941-xxx-9995, in an attempt to collect the Debt.

27.     Elmore does not know how Stellar acquired his cellular telephone number. Elmore did not provide it to Stellar or the original Creditor—Elmore did not possess that telephone number during his business relationship with the Creditor.

28.     Elmore did not provide his prior express consent to Stellar to place calls to his cellular telephone number.

29.     When Elmore answered calls from Stellar, he heard silence and had to wait on the line to be connected to the next available representative, indicating that an automated system placed the call to Ortiz's phone without any human available to take the call.

30.     Nevertheless, Stellar continued placing automated calls to Plaintiffs' cellular telephones.

31.     Elmore has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

32.     As a direct consequence of the Defendants' acts, practices and conduct, Elmore suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

33.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

35.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

36.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representations in connection with the collection of the Debt.

37.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants falsely represented the character, amount or legal status of the Debt.

38.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the Plaintiffs on the initial communication and subsequent communications that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

39.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair or unconscionable means to attempt to collect the Debt.

5

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiffs a written notice within five days of its initial communication.

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42. The Plaintiffs are entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.**

43. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendants placed automated (ATDS) calls to Plaintiffs' cellular telephone without an emergency purpose or prior express consent.

45. Defendants continued to place automated (ATDS) calls to Ortiz after she specifically requested that Defendant cease calling her cellular telephone. As such, each call placed to Ortiz was a knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Elmore never provided his cellular telephone number to Defendants and never provided his consent to be contacted on his cellular telephone. Defendants obtained Plaintiff's cellular telephone number elsewhere and then knowingly autodialed his cell phone. As such, each call placed to Elmore was a knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

47. The telephone numbers called by the Defendants were assigned to a cellular telephone service for which the Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

48.     The calls from Defendants to the Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49.     Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 for each call placed in willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 26, 2016

Respectfully submitted,

By    /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor

7

Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs